UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ENRIQUE RAMOS IZQUIERDO, Petitioner, v. JEREMY CASEY, et al., Respondents. | Case No.: 3:26-cv-4138-CAB-VET **ORDER PARTIALLY GRANTING PETITION FOR A WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Luis Enrique Ramos Izquierdo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner alleges that he was detained by U.S. Immigration and Customs Enforcement ("ICE") in violation of the Fifth Amendment's Due Process Clause, the Deferred Action Class certification in *Immigration Center for Women and Children v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026) (appeal pending) (*"ICWC"*), the Immigration and Nationality Act, and the Accardi Doctrine. [Petition at 9–11]. For the reasons set forth below, the Court **PARTIALLY GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a Mexican national who was first removed from the United States in 2009, followed by re-entry and removal over a dozen times. [Doc. No. 5-3.] He has resided continuously in the United States since November 2015. [Petition at 5.] He is a named

derivative beneficiary as the spouse of the principal applicant for a U-Visa application that was filed on January 13, 2026. [*Id.* at 2.] As of August 7, 2026, U.S. Citizenship and Immigration Services has not yet determined whether Petitioner's U-Visa application is bona fide, the first step in the U-Visa application process. [Doc. No. 6 at 2; *see* Doc. No. 5-2 at 2–3.]

On March 16, 2026, Petitioner was stopped by ICE while at a grocery store in Cathedral City, California. [Petition at 2.] ICE's records show that Petitioner was flagged as having a criminal record and "several [e]xpedited removals and multiple [r]einstatement of [r]emoval[s]" but a pending U-Visa application at the time of his arrest and so "ERO and OPLA should make the decision to [p]roceed." [Doc. No. 1-2 at 113.] Petitioner has applied for cancellation of removal in his case pending before the Imperial Immigration Court.

## II. LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that she is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a) at which the burden is on Petitioner to show that he is not a danger to the community or a flight risk." [Doc. No. 5 at 3.] Petitioner instead argues that he should be released outright because he is a member of the class certified in *ICWC* and his continued detention violates the nationwide preliminary injunction issued in that case. [Petition at 2–3.]

*ICWC* involves ICE's treatment of noncitizens with pending U-Visas, which provide a path to legal status for non-citizen victims of certain serious crimes who have "suffered

substantial physical or mental abuse," who "possess[] information concerning [that] criminal activity," and who have helped law enforcement investigate or prosecute those crimes. 8 U.S.C. § 1101(a)(15)(U) (providing eligibility criteria); 8 C.F.R. § 214.14. Certain qualifying family members of the victim may also file for a derivative U-Visa.

Congress created the U-Visa program in 2000 to encourage crime victims to report crimes and assist law enforcement without fear of removal. *Sepulveda Ayala v. Noem*, No. 3:25-CV-5185-JNW, 2025 WL 1616075, at *1 (W.D. Wash. June 5, 2025). Once issued, "U-visa holders receive lawful nonimmigrant status and work authorization for up to four years." *U Visa Appellants v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 24-6824, 2026 WL 2683743, at *3 (9th Cir. Sept. 14, 2026).

In *ICWC*, the district court issued a nationwide stay of a new ICE policy issued in 2025 that did "not honor grants of deferred action conferred by USCIS to individuals with pending petitions for U or T visas" pursuant to § 705 of the Administrative Procedures Act. 351 F.R.D. at 397. By staying the new 2025 ICE policy, *ICWC* reinstated the previous 2021 ICE directive regarding people with pending U-Visa applications. [Doc. No. 5-2 at 1–12 ("2021 ICE Directive").]

The reinstated 2021 ICE Directive states:

> ICE will exercise prosecutorial discretion in appropriate circumstances to facilitate access to justice and victim-based immigration benefits by noncitizen crime victims.
>
> To that end, absent exceptional circumstances, ICE will refrain from taking civil immigration enforcement action against known beneficiaries of victim-based immigration benefits and those known to have a pending application for such benefits. In addition, when necessary and appropriate, ICE will coordinate with U.S. Citizenship and Immigration Services (USCIS) to seek expedited adjudication of victim-based immigration applications and petitions.

[Doc. No. 5-2 at 1–2.] Relevant to Petitioner, "absent exceptional circumstances," ICE will defer decisions on civil immigration enforcement action until USCIS makes a "[n]egative bona fide determination or waiting list determination for pending U visa

petitions[.]" [*Id.* at 2.] The 2021 ICE Directive defines "exceptional circumstances" as when the noncitizen poses national security concerns or an articulable risk of death, violence, or physical harm to any person. [*Id.* at 3.] The memorandum that accompanies the 2021 ICE Directive directs the exercise of prosecutorial discretion to "minimize any effect that immigration enforcement may have on the willingness and ability of victims, witnesses, and plaintiffs to call police and pursue justice." [Doc. No. 5-1 at 1.] The memorandum goes on to counsel the consideration of "all serious adverse factors . . . includ[ing] national security concerns or evidence the alien has a serious criminal history." [*Id.* at 2.] In the event of the detention of an individual with a pending U-Visa application where exceptional circumstances exist, the 2021 ICE Directive instructs ICE to "request that USCIS expedite the adjudicative action[.]" [Doc. No. 5-2 at 8.]

Respondents argue that Petitioner does not merit a favorable exercise of discretion under the 2021 ICE Directive because he poses a danger to the community as evidenced by his 2007 and 2013 convictions for battery of a spouse or partner, arrests in 2007 and 2009 for driving under the influence, probation violations in 2007 and 2009, and illegal entries and re-entries into the United States on at least 13 occasions between 2009 and 2016. [Doc. No. 5 at 2.] Petitioner counters that (1) the arrests and convictions are old and there is ample evidence of stability in the interim and (2) his immigration history is not related to any articulable risk of violence or physical harm to another.

Based on Respondents' individualized articulation of the conclusion not to delay Petitioner's detention in light of the 2021 ICE Directive and his particular circumstances, the Court does not find any violation of *ICWC* from the decision to detain Petitioner. Additionally, the Court notes that the noncitizens in *ICWC* challenged ICE's decision to disregard a deferral granted by USCIS. But here, USCIS has never granted Petitioner deferral. The Court does, however, find that it is undisputed that ICE has failed to request that USCIS expedite adjudicative action of Petitioner's U-Visa application in accordance with the 2021 ICE Directive. [Doc. No. 6 at 4; Doc. No. 5-2 at 8 (¶ 5.4(a)).] The Court

therefore **PARTIALLY GRANTS** the Petition and **ORDERS** that Respondents request that USCIS expedite adjudicative action in accordance with the 2021 ICE Directive.

Separately, the Court agrees with both parties that Petitioner's detention is governed by § 1226 and so to the extent that Petitioner desires a bond hearing under § 1226(a), the Court **ORDERS** that Respondents provide a bond hearing within 14 days of Petitioner's request. If requested by Petitioner, Respondents shall assist him in obtaining an audio recording of the bond hearing. Based on this conclusion, the Court does not address Petitioner's additional claims for prolonged detention without an individualized custody determination or for detention contrary to the Immigration and Nationality Act because they are moot. [Doc. No. 1 at 11–12.]

To the extent Petitioner requests an order staying his removal proceedings, the Court sees no evidence in the record that he has requested and been denied such a stay via the immigration court. Moreover, Petitioner provides no authority in support of the Court's ability to grant such a stay. *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *3 (S.D. Cal. Dec. 8, 2025) (finding no jurisdiction to stay removal proceedings and citing cases finding such claims barred). The Court **DENIES** Petitioner's request to stay his removal proceedings.

## IV. CONCLUSION

The Court concludes that Respondents must request that USCIS expedite his pending U-Visa application. Respondents shall provide proof of this request and an anticipated timeline for USCIS' resolution by **October 16, 2026**. Further, Respondents shall provide Petitioner a bond hearing under § 1226(a) within 14 days of his request, should he make one.

It is **SO ORDERED**.

Dated: October 2, 2026

Hon. Cathy Ann Bencivengo
United States District Judge